UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
STUART M. SIEGER and DAVID
R. SPENCER,

                              Plaintiffs,          **MEMORANDUM AND ORDER**
                                                   06-CV-3313 (DRH) (EBT)

          - against -

LOUIS ZAK and POWERSYSTEMS
INTERNATIONAL, INC.,

                              Defendants.
---------------------------------------------------------------X
**A P P E A R A N C E S :**

**MEYER, SUOZZI, ENGLISH & KLEIN, P.C.**
Attorneys for Plaintiffs
1505 Kellum Place
P.O. Box 803
Mineola, New York 11501-0803
By: Kevin Schlosser, Esq.
      Robert C. Angelillo, Esq.

**FARRELL FRITZ, P.C.**
Attorneys for Defendants
1320 Reckson Plaza
Uniondale, New York 11556-1320
By: James M. Wicks, Esq.
      David A. Scheffel, Esq.

**WILLIAMS MULLEN**
Attorneys for Defendants
A Professional Corporation
P.O. Box 1320
1021 E. Cary Street, 17th Floor (23219)
Richmond, Virginia 23218-1320
By: Calvin W. Fowler, Jr., Esq.
      William R. Mauck, Jr., Esq.
      W. Alexander Burnett, Esq.

**HURLEY, Senior District Judge:**

          Plaintiffs Stuart M. Sieger and David R. Spencer (collectively, "Plaintiffs"),

former shareholders of defendant PowerSystems International, Inc. ("PSI"), filed the present

action against PSI and defendant Louis Zak ("Zak") (collectively, "Defendants"), for fraud and

breach of fiduciary duty arising out of Zak's purchase of Plaintiffs' shares of PSI.  Plaintiffs have

moved to remand this case to the Supreme Court of the State of New York, Nassau County,

pursuant to 28 U.S.C. § 1447(c), and Defendants have moved to dismiss the Complaint pursuant

to Federal Rule of Civil Procedure ("Rule") 12(b)(6).  For the reasons that follow, Plaintiffs'

motion to remand is granted and Defendants' motion to dismiss is denied.

## BACKGROUND

### I.      *The Complaint*

The following facts are drawn from the Complaint.  Plaintiffs and Zak formed PSI

in 1995.  At all times relevant to the Complaint, Plaintiffs and Zak were the sole shareholders of

PSI, with Zak as the majority shareholder.  Zak was also President of PSI.

In 2003, Plaintiffs suggested to Zak that they sell PSI for the benefit of each of the

three shareholders.  After "persistent urgings by [P]laintiffs" (Compl. ¶ 9), Zak agreed to hire an

outside consultant to advise PSI on a number of business issues, including the potential sale of

the company.  Plaintiffs allege that unbeknownst to them, and in an attempt to convince

Plaintiffs to sell their shares of PSI to Zak, Zak sought out and obtained advice directly at odds

with Plaintiffs' interests.  Plaintiffs further allege that Zak concealed material information from

them directly bearing on Plaintiffs' decision to sell their shares.  As a result, Zak convinced

Plaintiffs to sell their shares to him -- which totaled approximately 33% of PSI -- for a total of $3

million in August 2004.  Zak "then immediately embarked upon his plan to sell the company

without [P]laintiffs . . . , ultimately obtaining at least $40 million for the sale of his stock in PSI

the very next year." (*Id.* 10.)

The Complaint asserts four causes of action, two against Zak only (breach of fiduciary duty and self-dealing) and two against Zak and PSI (fraud and constructive fraud).

## II.    *Procedural History*

Plaintiffs initiated this action in the Supreme Court of the State of New York, Nassau County on December 14, 2005 by filing a "Summons with Notice" pursuant to New York law. Defendants were served with the summons on or about April 7, 2006. On April 27, 2006, Defendants noted their appearance and demanded a copy of the Complaint. The Complaint was served upon counsel for Defendants on June 14, 2006. Defendants removed the case to this Court on July 7, 2006 based upon diversity jurisdiction.

The Complaint alleges, and it is undisputed that, Plaintiffs are citizens of New York, Zak is a citizen of Virginia, and PSI is incorporated in New York with its principal place of business in Virginia. Thus, on its face, diversity jurisdiction is lacking as both Plaintiffs and PSI are citizens of New York. In their Notice of Removal, however, Defendants asserts that "PSI is unrelated to the instant cause of action and thus cannot be relied upon by the Plaintiffs to destroy diversity." (Defs.' Not. of Removal ¶ 13.)

## III.    *The Present Motions*

Plaintiffs have moved to remand this case back to state court, arguing that PSI is a proper party to this action and therefore the Court lacks diversity jurisdiction. Defendants oppose Plaintiffs' motion and have also moved to dismiss the Complaint under Rule 12(b)(6). For the reasons that follow, Plaintiffs' motion to remand this action is granted and Defendants' motion to dismiss is denied.

**DISCUSSION**

### I.    *Fraudulent Joinder*

Under the principle of fraudulent joinder, "a plaintiff may not defeat a federal court's diversity jurisdiction and a defendant's right of removal by merely joining as defendants parties with no real connection with the controversy."  *Pampillonia v. RJR Nabisco, Inc.*, 138 F.3d 459, 460-61 (2d Cir. 1998).  The Second Circuit has instructed as follows:

> In order to show that naming a non-diverse defendant is a "fraudulent joinder" effected to defeat diversity, the defendant must demonstrate, by clear and convincing evidence, either that there has been outright fraud committed in the plaintiff's pleadings, or that there is no possibility, based on the pleadings, that a plaintiff can state a cause of action against the non-diverse defendant in state court.  The defendant seeking removal bears a heavy burden of proving fraudulent joinder, and all factual and legal issues must be resolved in favor of the plaintiff.

*Id.* at 461.

### II.    *Defendants Have Failed to Sustain Their Burden of Demonstrating that PSI was Fraudulently Joined*

In support of their motion to remand, Plaintiffs cite several grounds under which they claim PSI could potentially be found liable.  Because the Court finds that there is a "possibility, based on the pleadings, that [] [P]laintiff[s] can state a cause of action against [PSI]" *id.*, under an agency theory, the Court grants Plaintiffs' motion to remand and does not address Plaintiffs' remaining contentions.

It is well established that "a principal is liable to third parties for the acts of an agent operating within the scope of his real or apparent authority."  *Citibank, N.A. v. Nyland (FC8) Ltd.*, 878 F.2d 620, 624 (2d Cir. 1989).  This general principle includes acts of fraud by the agent; thus, "'a principal is liable for an agent's fraud though the agent acts solely to benefit

4

himself, if the agent acts with apparent authority.'"[1] *Id.* (quoting *American Soc'y of Mech.*
*Eng'rs, Inc. v. Hydrolevel Corp.*, 456 U.S. 556, 566 (1982)).

Defendants advance several arguments as to why PSI may not be held liable to
Plaintiffs based upon the acts of Zak. First, Defendants argue that the Complaint alleges no facts
which support an agency relationship. According to Defendants, the only allegation in the
Complaint which bears on the agency relationship is paragraph 210, which alleges that "[a]t all
times relevant herein, defendant Zak was an agent of PSI for which PSI is legally responsible."
(Compl. ¶ 210.) Defendants contend that this allegation, standing alone, is insufficient to
establish that Zak acted as PSI's agent and that the Complaint "fails to state any factual
foundation to support the elements for agency liability." (Defs.' Mem. in Opp'n to Pls.' Mot. to
Remand at 15.)

Next, Defendants argue that PSI cannot be held liable for Zak's actions because
Zak necessarily acted outside the scope of any agency as well as his alleged actual or apparent
authority when he defrauded Plaintiffs. The Court disagrees on both counts.

The Complaint alleges that Zak was an officer, director, and controlling
shareholder of PSI. (Compl. ¶ 11.) It also alleges that "on March 24, 2005, in his capacity as
president and on behalf of PSI, Zak entered into a formal, written consulting agreement between
PSI and John A. Magee ("Magee") of Magee Consulting." (*Id.* ¶ 97.) The agreement provided

---

[1] "Apparent authority arises from the written or spoken words or any other conduct of
the principal which, reasonably interpreted, causes a third person to believe that the principal
consents to have an act done on his behalf by the person purporting to act for him." *Dinaco, Inc.*
*v. Time Warner, Inc.*, 346 F.3d 64, 69 (2d Cir. 2003) (citation and internal quotation marks
omitted). "The existence of apparent authority is normally a question of fact." *Green Door*
*Realty Corp. v. TIG Ins. Co.*, 329 F.3d 282, 289 (2d Cir. 2003) (citation and internal quotation
marks omitted).

that Magee was "'engaged as a management consultant to assist management in the developing [sic] a systematic process for identifying, evaluating, and making recommendations to PSI's Board of Directors'" regarding a number of corporate issues, including "'the timeline for monetizing the shareholders' investment in PSI.'" (*Id.* ¶ 98 (quoting consulting agreement).) The Complaint alleges various details as to Zak's receipt of advice from this consultant on issues such as a possible sale of PSI, the value of the company, and the best way to strategically position PSI for sale. (*Id.* ¶¶ 119, 125.)

The crux of the Complaint is twofold. Plaintiffs allege that: (1) although Zak had a duty to disclose to Plaintiffs everything he discussed with Magee, he purposefully withheld vital information so that he could maximize his own interests at the expense of Plaintiffs (*id.* ¶¶ 118-58); and (2) although Magee was hired by PSI for the benefit of all shareholders, Magee provided Zak with advice against the interests of Plaintiffs to help Zak reach this goal. (*Id.* ¶¶ 105-17.) The Complaint further alleges that Zak secretly took "steps in anticipation of [a] substantial increase in the business of PSI" (*id.* at 141), but defrauded Plaintiffs into selling their shares to him before the value of PSI reached its full potential. (*Id.* ¶¶ 142-58.)

After a review of the allegations in the Complaint, the Court finds that Defendants' first argument, viz. that Plaintiffs allege no facts which support an agency relationship, has no merit. Contrary to Defendants' contentions, Plaintiffs allege that Zak hired Magee, *on behalf of PSI*, to provide PSI with advice on various subjects, including "monetizing the shareholders' interests in PSI." (*Id.* ¶ 98.) In fact, the consulting agreement is alleged to have been between PSI and Magee. (*Id.* ¶ 97.) The Complaint therefore clearly alleges that Zak was acting within the scope of his real authority, as an officer of PSI, when he hired Magee.

Next, to the extent Defendants contend that Zak was necessarily acting outside the scope of any agency when he used his relationship with Magee to defraud Plaintiffs, Defendants' argument falls short of the mark. As cited above, under fundamental rules of agency, "the misconduct of managers within the scope of their employment will normally be imputed to the corporation," *In re Bennett Funding Group, Inc.*, 336 F.3d 94, 100 (2d Cir. 2003), including acts of fraud, *Citibank*, 878 F.2d at 624. In arguing against the application of this general principle, Defendants attempt to invoke New York's "adverse inference" exception. Under this exception, "management misconduct will not be imputed to the corporation if the officer acted *entirely in his own interests* and adversely to the interests of the corporation." *Wight v. BankAmerica Corp.*, 219 F.3d 79, 87 (2d Cir. 2000) (emphasis added). "The theory is that where an agent, though ostensibly acting in the business of the principal, is really committing a fraud for his own benefit, he is acting outside of the scope of his agency, and it would therefore be most unjust to charge the principal with knowledge of it." *Id.* (citation and internal quotation marks omitted).

The Second Circuit repeatedly has emphasized that the adverse interest exception "is a narrow one and applies only when the agent has totally abandoned the principal's interests." *In re Mediators Inc.*, 105 F.3d 822, 827 (2d Cir. 1997) (citation and internal quotation marks omitted). The exception may not be invoked merely because the agent "has a conflict of interest or because he is not acting primarily for his principal." *Center v. Hampton Affiliates, Inc.*, 66 N.Y.2d 782, 785 (1985); *In re Crazy Eddie Secs. Litig.*, 802 F. Supp. 804, 817 (E.D.N.Y. 1992) ("Th[e] 'adverse interest' exception is not applicable when the agent acts both for himself and for the principal, though his primary interest is inimical to the principal."). .

Here, resolving all issues in favor of Plaintiffs, the Court finds that Defendants

have failed to demonstrate by clear and convincing evidence that the adverse interest exception applies so as to bar Plaintiffs' claims against PSI. There are no allegations that Zak "totally abandoned" PSI's interests in conducting the great majority of activities with respect to which the Complaint seeks to hold Defendants liable. In fact, the Complaint alleges that pursuant to the scope of his agency, Zak hired Magee, in part, to advise PSI on how to maximize its value and on the best time to sell the company. The fact that Zak allegedly failed to disclose pertinent information in this regard to Plaintiffs, and instead kept Magee's advice to himself in an effort to maximize his own interests, does not necessarily suggest that Zak acted in a way that was adverse to PSI. In acting to increase the value of the corporation, although covertly, Zak was arguably acting in PSI's benefit. *See Allard v. Arthur Andersen & Co. (USA)*, 924 F. Supp. 488, 495 (S.D.N.Y. 1996) ("[T]he New York and Restatement rule [is] that the adverse interest exception is not triggered if the agent is acting at least in part to further the principal's interest."). That is to say, although Plaintiffs allege that Zak acted in a way that was adverse to Plaintiffs, there is no indication in the Complaint that Zak's actions were necessarily adverse to PSI.

Defendants' citation to cases such as *Ross v. Licht*, 263 F. Supp. 395 (S.D.N.Y. 1967), do not require a different result. (*See* Defs.' Mem. in Opp'n to Pls.' Mot. to Remand at 13-14.) In *Ross*, the Court ruled, after a bench trial, that the defendant-corporation was not liable to former shareholders with respect to their claims arising out of the sale of their stock to corporate officers because "[n]one of the defendants purported to act for [the corporation] with respect to the shares of plaintiffs [and there was] no benefit (on balance) to [the corporation]." 263 F. Supp. at 408. Thus, contrary to the instant case, there was no allegation or proof that the individual defendants were acting in their capacity as officers or directors in any way when they

defrauded plaintiffs.[2]

Accordingly, the Court finds that Defendants have failed to meet their burden under *Pampillonia* by clear and convincing evidence that "there is no possibility" that Plaintiffs can state a cause of action against PSI. Whether Zak's actions can be imputed to PSI is an issue of fact that cannot be determined at this stage in the proceedings. Accordingly, the Court must consider the citizenship of PSI in evaluating its subject matter jurisdiction. Because both Plaintiffs and PSI are New York citizens, there is not complete diversity between the parties and this Court lacks subject matter jurisdiction. *See* 28 U.S.C. § 1332(a)(1). For this reason, the case must be remanded to state court and the Court need not reach Plaintiffs' alternative arguments.

## CONCLUSION

For all of the above reasons, Plaintiffs' motion to remand this action is GRANTED and the case is remanded to the Supreme Court of the State of New York, Nassau County. Defendants' motion to dismiss is DENIED because the Court lacks jurisdiction to entertain that

---

[2] (*See also* Defs.' Mem. in Opp'n to Pls.' Mot. to Remand at 13-14 (citing *Rochez Bros. Inc. v. Rhoades*, 527 F.2d 880, 884 (3d Cir. 1975) ("A corporation, however, is not liable for the fraud of its officer when the officer acted as an individual for his own account *and the defrauded party knew that the officer was not acting for the corporation*.") (emphasis added); *Thomas v. Duralite Co.*, 524 F.2d 577, 586 (3d Cir. 1975) (vacating judgment entered against corporation, after bench trial, where "[t]he individual defendants [corporate officers] acted only in their own personal interest, and it is clear that [plaintiff] knew this to be so.").)

motion.  The Clerk of Court is directed to CLOSE this case.

**SO ORDERED.**

Dated: August 15, 2007
      Central Islip, New York

                                          /s_____
                                          Denis R. Hurley,
                                          United States District Judge